IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00950-RBJ-KLM

EUGENE BYNES,

    Plaintiff,

v.

LIBERTY ACQUISITIONS SERVICING, LLC,

    Defendant.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant's **Motion to Dismiss Plaintiff's Amended Complaint** [Docket No. 10; Filed June 7, 2012] (the "Motion"). A hearing on the Motion was held by the District Judge on July 14, 2012 [#14], and an evidentiary hearing was held by the undersigned on November 7, 2012 [#34]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C.COLO.LCivR 72.1C., the Motion has been referred to this Court for appropriate disposition. The Court has reviewed the pleadings, the entire case file, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Court respectfully **RECOMMENDS** that the Motion [#10] be **DENIED**.

On April 10, 2012, Plaintiff Eugene Bynes ("Plaintiff" or "Mr. Bynes") brought this action against Defendant pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, based on Defendant's previous lawsuit against Plaintiff in Arapahoe County Court. Defendant moved to dismiss Plaintiff's Complaint [#1] and Amended

Complaint [#7] on the basis of the statute of limitations.[1]  Defendant contends that Plaintiff's claim was brought more than one year after service of the underlying county court case on him and therefore is time-barred.

For his part, Plaintiff asserts that he was never served with the summons and complaint in the underlying case, and that he became aware of the case only when served with a Motion for Contempt Citation in January of 2012.  Plaintiff therefore contends that the statute of limitations should be tolled, because Defendant's own actions fraudulently concealed the filing of the county court case.

After conducting an evidentiary hearing, the Court found that Plaintiff was not served with the summons and complaint in the county court case.  The process server's testimony that he served Plaintiff at 1015 Lansing St., Aurora, CO on February 15, 2011 at 7:40 a.m. is not credible.  The process server described a very brief encounter with a person fitting Plaintiff's general description at the door of the Lansing St. home.  The process server could not recall the clothes worn by the person served or whether the person served had a beard.  The process server testified that he asked the person who answered the door, "Is Eugene Bynes home?" and when the person responded affirmatively, handed him the summons and complaint.  No explanation was provided for the lack of an affirmative representation by the person who answered the door that he was, in fact, Mr. Bynes. Moreover, Defendant did not introduce into evidence the process server's trip notes relating to his alleged service of Mr. Bynes, and the process server had destroyed his audio recording of the service transaction approximately one year after service because he

---

[1] The applicable statute of limitations provision of the FDCPA mandates that an action must be brought "within one year from the date on which the violation occurs."  15 U.S.C. § 1692k(d).

thought it was no longer necessary to retain it.

On the other hand, Plaintiff testified that he had lived at the Lansing St. address until the home was foreclosed in 2006, approximately five years before the alleged service at issue here. Plaintiff recounted a series of residential moves he made between the foreclosure date and the alleged service date. He further provided a lease for a home in Longmont, Colorado for the period of March 1, 2010 to February 28, 2011, and testified that he was residing at that home at the time of the service alleged here. In considering all of the evidence offered by the parties, the Court concluded that Plaintiff was not served with the summons and complaint in the county court case in February of 2011.

Plaintiff testified that he first received notice of the underlying county court case when he was served with the Motion for Contempt Citation in January of 2012. Defendant does not dispute service of the Motion for Contempt Citation on Plaintiff at that time and does not argue that the statute of limitations has expired if Plaintiff's first notice of the county court case occurred approximately three months before this case was filed.

Regardless of whether the statute of limitations should be "equitably tolled" or not, Plaintiff's FDCPA cause of action against Defendant accrued only when he became aware of the facts underlying the cause of action.[2] The Court has found that Plaintiff did not

---

[2] Generally, "[t]he Tenth Circuit adheres to the traditional discovery rule in determining when a federal statute of limitations begins to run." *Johnson v. Riddle*, 305 F.3d 1107, 1113 n.3 (10th Cir. 2002) (citing *Indus. Constructors Corp. v. United States Bureau of Reclamation*, 15 F.3d 963, 969 (10th Cir. 1994) (holding that federal statute of limitations does not begin to run until the plaintiff knows or has reason to know of the existence of his injury)). However, the Tenth Circuit has recognized that "the continuing scope of the traditional federal discovery rule, at least [as applies to the FDCPA's statute of limitations], has been rendered uncertain" by Supreme Court dicta. *Johnson*, 305 F.3d at 1113 n.3 (citing *TRW Inc. v. Andrews*, 534 U.S. 19 (2001)). Neither the Tenth Circuit nor any other circuit court has yet squarely addressed the issue. *Amerson v. Chase Home Fin. LLC*, No. 11-cv-01041-WJM-MEH, 2012 WL 1686168, at *12 (D. Colo. May 7, 2012) (citing *Ruth v. Unifund CRR Partners*, 604 F.3d 908, 914 (6th Cir. 2010)). Regardless, the traditional

become aware of those facts in February of 2011, because he was not served with the summons and complaint then. Defendant has offered no other evidence to rebut Plaintiff's contention that he became aware of the underlying lawsuit in January of 2012, less than ninety days before the filing of the instant action. Thus, the statute of limitations does not bar the present action, and Defendant's motion to dismiss should be denied. Accordingly,

IT IS HEREBY **RECOMMENDED** that Defendant's Motion [#10] be **DENIED**.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

BY THE COURT:

Dated: November 8, 2012

Kristen L. Mix
United States Magistrate Judge

---

discovery rule is still the law in the Tenth Circuit in connection with the FDCPA's statute of limitations. *See, e.g.*, *Duffey v. Pope*, No. 2:11-cv-16, 2012 WL 4442753, at *8 (S.D. Ohio Sept. 25, 2012) (recognizing that the law of the Tenth Circuit is that the FDCPA's statute of limitations begins to run at the time of service).